IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv47

| | | |
|---|---|---|
| GLEN STEVEN GOAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TEFRON USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brought this suit in the Superior Court of Burke County alleging that Defendant "promised" to provide a severance package upon the termination of his employment and defrauded him by making such statements. Defendant then removed the action to this Court. Defendant contends that the Court has original jurisdiction over this case pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Upon an independent review of the Notice of Removal and the Complaint, the Court entered an Order directing Defendant to show cause why the Court should not recommend that the District Court remand this case because an ERISA plan must be maintained pursuant to a written instrument. 29 U.S.C.A. § 1102(a)(1). As the Court explained in its Show Cause Order:

> Neither the Complaint nor Defendant's Notice of Removal indicate that any such written ERISA plan is applicable to Plaintiff. Instead, it appears that Plaintiff alleges that Defendant and Plaintiff had an oral employment agreement that included a severance package.

(Order, Apr. 1, 2011.)

Subsequently, Plaintiff filed an Amended Complaint stating that Defendant

adopted a Severance Policy for Salaried Exempt and Non-Exempt Employees. (Am. Compl. ¶ 7.) In addition, Defendant submitted a copy of the written Severance Policy at issue. (Ex. A to Def.'s Resp. to Show Cause.) Accordingly, the Court is satisfied that this dispute concerns the application of a written severance plan and not an oral employment agreement between the parties. Defendant, therefore, has satisfied its burden of responding to the Court's Show Cause Order. To the extent that Plaintiff raises additional issues in its one and a half page response to the Court's Show Cause Order, the Court declines to address those issues at this time because no motion to remand is pending before the Court.

Signed: September 20, 2011

Dennis L. Howell
United States Magistrate Judge